UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUTH A. HANKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1288 RLW |
| ) | |
| PENNYMAC LOAN SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Ruth Hankins's Emergency Petition for Temporary Restraining Order (ECF No. 2) and Motion for Appointment of Counsel (ECF No. 5). Because the Court lacks subject matter jurisdiction, it will deny both motions without prejudice.

**Jurisdiction**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). The party asserting jurisdiction has the burden of proving all jurisdictional facts. *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936).

**I. Federal Question Jurisdiction**

In her Complaint, Plaintiff asserts that this Court has jurisdiction because the case involves an "illegal foreclosure." (ECF No. 1 at 3). Federal question jurisdiction gives district courts original jurisdiction of civil actions "arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). Put another way, federal question jurisdiction is proper where the plaintiff presents a "non-frivolous claim of a right or remedy under a federal statute." *Northwest S. Dak. Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

Here, Plaintiff does not cite any federal statute, federal treaty, or provision of the United States Constitution. Simply put, the Complaint does not present a federal question and Plaintiff has not demonstrated the existence of federal question jurisdiction in this matter.

The Complaint also asserts that jurisdiction exists under Rule 65(a)(1) of the Federal Rules of Civil Procedure. (ECF No. 1 at 3). Rule 65 governs the process for obtaining an injunction or temporary restraining order in federal court. Fed. R. Civ. P. 65. It does not confer subject matter or personal jurisdiction on the Court. 11A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1941 (3d ed.); *see also Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980); *Jones v. Cawley*, No. 10-CV-712, 2010 WL 2545738, at *1 (N.D.N.Y. June 21, 2010). There must be an independent basis for asserting federal question or diversity jurisdiction when seeking relief under Rule 65. *Id.* As explained above, the fact that this case involves an allegedly "illegal foreclosure" does not provide an independent basis for federal question jurisdiction.

2

Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 2) ("TRO Motion") alleges that the Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), the federal diversity jurisdiction statute, but it also includes the following allegations:

> 12. Defendant has failed to provide Plaintiff, the surviving heir and widow of Dennis R. Hankins, with loss mitigation opportunities as required by federal regulations.
>
> 13. Defendant has failed to give Plaintiff notice of her right to request an "Occupied Conveyance" of their home as required by federal regulations.
>
> 14. Defendant has to consider Plaintiff's eligibility for loan modification pursuant to federal programs.

(ECF No. 2 at 2.)

The Court must liberally construe filings by self-represented parties. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Nonetheless, a party seeking to proceed in federal court must set forth the basis of federal jurisdiction in her pleadings, specifically in the complaint. *See Markham*, 861 F.3d at 754. Plaintiff's TRO Motion is not a "pleading" within the meaning of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a). Further, even if the Court could base its jurisdiction on allegations in a motion, Plaintiff's TRO Motion does not identify a federal statute on which the unidentified federal regulations and federal programs are based.[1]

---

[1]Moreover, even if the TRO Motion did identify a federal statute as the basis for the relief Plaintiff seeks, a party moving for a temporary restraining order must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Plaintiff's Complaint contains no allegations regarding Defendant's alleged violation of federal statutes or regulations.

3

Thus, the Court concludes that it lacks federal question jurisdiction over this matter.

**II. Diversity Jurisdiction**

Plaintiff asserts in her TRO Motion and Civil Cover Sheet that the Court also has diversity jurisdiction over this matter. (ECF No. 1-1). But the Civil Cover Sheet itself makes clear that "[t]he information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law[.]" *Id.* The Civil Cover Sheet is merely an administrative aid for the Clerk of Court and is not considered part of a litigant's pleadings. *Walker v. Elite Auto Shipping*, No. 4:22-CV-357-SRC, 2022 WL 2904145, at *1 (E.D. Mo. July 22, 2022) (quoting *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989)). It does not supplement Plaintiff's pleading to establish diversity jurisdiction in this matter. *See King v. Udoji-Eddings,* No. 22-03314-CV-S-LMC, 2023 WL 2250444, at *1 (W.D. Mo. Feb. 27, 2023) ("Therefore, the Civil Cover Sheet cannot serve to supplement the pleading to establish diversity in this matter.").

Even if the Court could rely on Plaintiff's TRO Motion or Civil Cover Sheet for its jurisdictional analysis, Plaintiff has not established all necessary jurisdictional facts. Statutes conferring diversity jurisdiction are strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). The diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that federal district courts will have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]"

"When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Complete diversity of citizenship between plaintiffs and defendants is required by § 1332. *Buckley v. Control Data Corp.*, 923 F.2d

4

96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see* 28 U.S.C. § 1332(a), (c).

Different allegations are required to plead the citizenship of a limited liability company ("LLC"), such as Defendant PennyMac Loan Services, LLC. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). For any members of an LLC that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged.

Here, the Complaint alleges that Plaintiff is a citizen of Missouri (ECF No. 1 at 4), and that Defendant PennyMac Loan Services, LLC, is incorporated in California and has its principal place of business in "Missouri/California." *Id.* Plaintiff's allegations are insufficient to establish the necessary jurisdictional facts concerning Defendant's citizenship because she does not identify the Defendant LLC's members and allege facts concerning the states of their citizenship. Thus, Plaintiff has not established the existence of diversity jurisdiction in this case. *See E3 Biofuels, LLC*, 781 F.3d at 975; *GMAC Commercial Credit, LLC*, 357 F.3d at 829.

**Plaintiff's Motions**

The Court cannot ignore a lack of subject matter jurisdiction. *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004) (citation omitted). In each case, the Court must determine whether subject matter jurisdiction exists. *Hertz Corp.*, 559 U.S. at 94. The Court must be satisfied that

5

jurisdiction exists before it can address the merits of a case. *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001).

As explained above, Plaintiff has not established the existence of federal jurisdiction. Thus, the Court cannot address the merits of either her Emergency Petition for Temporary Restraining Order (ECF No. 2) [2] or Motion for Appointment of Counsel (ECF No. 5).[3]

## Conclusion

Plaintiff has not established the existence of federal jurisdiction in this matter. Thus, the Court must deny Plaintiff's Emergency Petition for Temporary Restraining Order (ECF No. 2) and Motion for Appointment of Counsel (ECF No. 5). Because Plaintiff is self-represented, the Court will permit her to file an Amended Complaint to assert a basis for federal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Petition for Temporary Restraining Order (ECF No. 2) and Motion for Appointment of Counsel (ECF No. 5) are **DENIED** without prejudice.

---

[2] Even if Plaintiff could establish the existence of federal subject matter jurisdiction, the Court could not conduct an *ex parte* hearing at this juncture because Plaintiff has not certified in writing any efforts made to give notice to Defendant or the reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B).

[3] There is no constitutional or statutory right to appointed counsel in civil cases. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). Even so, under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." That provision is inapplicable where, as here, the plaintiff is not proceeding in forma pauperis. *See, e.g., Raiser v. Kono*, 245 F. App'x 732, 735 n.2 (10th Cir. 2007) ("[B]ecause [Plaintiff] was not proceeding in forma pauperis in the district court, 28 U.S.C. § 1915(e)(2)(B) is inapplicable.").

**IT IS FURTHER ORDERED** that by **October 20, 2023**, Plaintiff shall file an Amended Complaint on a Court-provided form, *see* E.D. Mo. Local Rule 2.06(A), that alleges sufficient facts to establish the existence of federal jurisdiction.

**IT IF FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a form civil complaint.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of October, 2023.